## WHITCHER *v.* GRAFTON COUNTY.

A county convention may obligate the county to pay a sum expended without their authority in building a court-house.

PETITION, by the plaintiff, one of the building committee appointed by the county convention of 1889 to construct the court-house at Woodsville, for the allowance and payment of $2,995.20 expended in the erection of the court-house.    Facts found by the court.    The county commissioners denied the petition, and the plaintiff's claim was submitted to the court for decision, under Pub. Sts., c. 27, s. 13.

The county convention of 1889 appropriated $20,000 "for the

purpose of building a new court-house and offices at Woodsville, to be erected in accordance with plans and specifications to be approved by the county commissioners, and to be finished in a thorough, workmanlike manner, at a cost not to exceed " that sum, " said appropriation to be expended and said building to be erected under the direction of the county commissioners " and the plaintiff and others, " who are hereby constituted a committee for said purpose." It was found impossible to construct the building according to the plans adopted without exceeding the appropriation of $20,000. Several citizens of Woodsville tendered the bond of E. F. Mann and others in the sum of $5,000 to indemnify the county to that extent against any expenditure in excess of the appropriation in building upon the plans adopted. The bond was accepted, and the building was constructed accordingly. A change from the original plan of heating the building was made by the committee, at the request of the plaintiff and others, by substituting hot water for steam in certain portions of the building, involving an additional outlay, and the personal bond of the plaintiff in the sum of $500 was taken by the county to indemnify them against the cost of making the change.

February 15, 1893, the county convention, having had the matter brought before them by the building committee, adopted the following resolution: " *Resolved*, That the county of Grafton appropriate the sum of two thousand nine hundred and ninety-five dollars and twenty cents ($2,995.20) to pay Ira Whitcher, that being the amount expended by him as chairman of the sub-building committee in excess of the appropriation made by the county for the building of the Woodsville court-house, and that the sum of two thousand nine hundred and ninety-five dollars and twenty cents ($2,995.20) be raised for that purpose." The convention also adopted a resolution as follows: " *Resolved*, That the obligors on the bond of E. F. Mann and others relative to the construction of the court-house at Woodsville be released and discharged." No question was made but that the expenditures were reasonable, and beneficial to the county.

*Bingham, Mitchell & Batchellor*, for the plaintiff.

*Bingham & Bingham*, for the defendants.

WALLACE, J.   By the statute, the power to authorize the erection, enlargement, or repair of county buildings exceeding an expense of one thousand dollars is vested in the county convention. P. S., *c.* 24, *s.* 4. The action of the county convention, in adopting and ratifying the expenditure in excess of the appropriation, and voting to reimburse the plaintiff for this outlay, was within the scope of their powers, and created a legal liability on the part of the county to the plaintiff for the amount of money

paid by him for the construction of the court-house above the appropriation.

The power which the statute vests in the county convention, "to authorize . . . the erection, enlargement, or repair" of county buildings, also includes the power to adopt and ratify any similar act done without their previous authorization. The ratification and acceptance of and the vote to pay for work done of which the defendants had the benefit, although done with an agreement that the defendants should not pay for it, are conclusive. The power to build a building at an expense of what this cost, including money advanced by the plaintiff, is power to accept the building and pay the same sum by a subsequent vote. None of the objections made by the defendants affect the result of the exercise of the legislative power of voting to pay for the accepted building. It is true that it is the duty of the county commissioners (P. S., c. 27, s. 10) to audit and allow all claims against the county; but they have passed upon the plaintiff's claim and disallowed it, and it is now submitted to the court for their determination under the statute. P. S., c. 27, s. 13.

The question whether the county convention had the power to appoint a building committee consisting of the county commissioners and others to expend their appropriation for the erection of a court-house, for the reason that authority to do this is conferred by statute (P. S., c. 27, s. 5) upon the county commissioners alone, does not arise. Whether the law would have interfered, if seasonably asked, to prevent the work's being done by the committee, is a question that need not be considered.

It not being questioned that the expenditures in excess of the original appropriation were reasonable, there must be

*Judgment for the plaintiff.*

CARPENTER, J., did not sit: the others concurred.