## JOHN LEVY vs. PAUL GILLIS.

*Action of Assumpsit—Bill of Particulars—Evidence—Pleading and Practice.*

1. In an action of assumpsit, where there is the plea of the statute of limitations, no special replication is necessary in order to allow the introduction of proof of a new promise removing the bar of said statute. A new promise revives the old debt but does not create a new one.

2. Under a bill of particulars which sets out an item as obtained by the defendant in January, 1896, proof that said item was obtained in November, 1895, is sufficiently exact as to time, giving the defendant reasonable notice of the subject matter.

3. Under the items of a bill of particulars of goods sold and delivered, money loaned and work and labor rendered, it is incompetent to prove that intoxicating liquor was bought for the defendant by the plaintiff and delivered at his request to others.

4. When money is loaned by one person to another, even where there is no express promise to pay the same, the law implies such promise, and the person loaning the same can recover it in an action of assumpsit.

5. Where one person, at the request of another, performs work and labor and there is no express contract between the parties as to what shall be paid for the same, the law implies a promise to pay whatever it is reasonably worth, and the jury may determine the value of such work and labor from the evidence in the case, but the work and labor so done must be of such a character as to raise a legal liability on the part of the defendant.

6. If work and labor is rendered voluntarily by a friend in a political campaign, without any express promise on the part of the person for whom it was rendered to pay for it, even though it was done at the request of such person, it raises no legal liability. No promise is implied from that which is a mere gratuity.

7. Checks given by A to B and notes signed by A and given to B and drawn to his order, would be *prima facie* evidence of indebtedness from A to B. But they are not conclusive, and whether they represent money which A owed or which B owed is to be determined from the evidence in the case.

8. The admissions of parties to a suit, where those admissions are adverse to their interests, are entitled to peculiar weight.

(*December 6, 1897.*)

LORE, C. J,, and SPRUANCE and BOYCE, J. J., sitting.
*Peter L. Cooper, Jr.*, for plaintiff.
*Philip Q. Churchman* for defendant.

Superior Court, New Castle County, November Term, 1897.

ACTION of assumpsit (No. 281, May T., 1896,) for work and labor alleged to have been performed, money loaned and goods sold and delivered by the plaintiff for the benefit of the defendant in the campaigns of 1892 and 1894 for the nomination for Sheriff of New Castle County. The amount claimed was a balance of $720.00 with interest on the several items from the time they were due.

The pleas were, Non-assumpsit, Payment, Set-off, Release and Act of Limitations, and issue was joined on said pleas.

At the trial, Mr. Cooper offered to prove by the wife of the plaintiff certain statements made by the defendant at the home of the plaintiff in 1894, admitting that he owed him $400.00 for work done in 1892 and promising to pay that and also to pay him wages for similar work that he might do in his campaign for the nomination for sheriff in 1894.

That part of the conversation relating to a promise to pay the plaintiff for work done in 1892 was objected to by defendant's counsel on the ground that said new promise must be set out in a special replication; that it had not been so pleaded and was therefore inadmissible.

SPRUANCE, J:—It has been settled in this State that in an action of assumpsit where you plead the statute of limitations, it does not require any special replication; and under the issue thus formed it is competent for the plaintiff to prove, first, the original obligation and then if it be more than three years, to prove within the three years some recognition by the defendant of the claim as a subsisting debt and of his obligation to pay it.

*Newlin vs. Duncan, 1 Harr., 207.*

The testimony was admitted and the defendant's counsel excepted.

George Reed was produced on the part of the plaintiff and was proceeding to state that the defendant had hauled from his stable in November, 1895, a certain quantity of manure belonging to the plaintiff.

*Mr. Churchman* objected because the item of manure charged

in the plaintiff's bill of particulars was in January, 1896, and he should be strictly confined to his bill of particulars.

LORE, C. J.:—The defendant has notice that that is the manure. The Court have never held to exactness of time, but only a reasonable notice of the subject matter.

In *Stevens vs. Greenhill Co.*, *1 Houst.*, *28*, this is indirectly passed upon: " J. A. Bayard, for the defendants, objected to the admissibility of it. A bill of particulars of the plaintiff's claim has been furnished us in this case, on due notice served upon his counsel for that purpose, and I submit that it is not competent for him now to ask the question, and prove it in this vague and general manner.

"The Court overruled the objection without hearing a reply. Bills of particulars are somewhat new in our practice, and arise under the *Revised Code.* But as the object of them is to specify the plaintiff's claim, and to apprise the opposite party of the distinct grounds and several items of the demand, evidence of a new claim, or of a distinct matter not embraced in the bill of particulars, cannot be allowed, on the ground of surprise to the other side. That, however, would not preclude the proof of the aggregate of the bill of particulars and of the whole demand in the mode adopted with the witness."

*Mr. Cooper* asked the plaintiff if he bought any intoxicating liquors for Mr. Gillis.

*Mr. Churchman* objected, on the ground that the plaintiff was confined to his bill of particulars and unless the plaintiff could prove that the liquors were sold and delivered to the defendant, it was inadmissible; that it could not be proved under money laid out and expended, if it was not bought for and delivered to the defendant.

LORE, C. J.:—So far as intoxicating liquors are concerned, it can only be proved under goods sold and delivered.

SPRUANCE, J.:—This bill of particulars is intended to make particular that which was general, to give notice to the other side what they are expected to meet. Most of the counts come in under money advanced, and there are a half dozen counts for

money borrowed in different amounts. The next item is for work and labor, sixty-four days for horse and buggy at so much per day, but you could not prove under that money paid for his use. That means what it purports, that is, work and labor. The next item is intoxicating liquors. We understand that that means merchandise of that character, to wit, intoxicating liquors sold to him, just the same as those last two items of hay and manure.

The Court charged the jury on the various propositions of law raised by the prayers of the counsel as follows:

LORE, C. J., charging the jury:

Gentlemen of the jury: This suit of John Levy against Paul Gillis, according to the bill of particulars filed by Levy, is for goods sold and delivered, for money loaned and for work and labor rendered. He claims $890.00 but admits a payment of $170.00, making the balance of his claim $720.00.

When money is loaned by one person to another, even where there is no express promise to pay the same, the law implies such promise and the party loaning the same can recover it in an action of this kind.

Then again, as to work and labor; where one person, at the request of another, performs work and labor and there is no express contract between the parties as to what shall be paid for such work and labor the law implies a promise to pay whatever such work and labor are reasonably worth, and the jury may determine the value of such work and labor from the evidence in the case. This proposition is true if there be a legal obligation; if the work and labor was so done and is of such character as to raise a legal liability on the part of the defendant.

If the work and labor in this case was the work and labor of a friend rendered voluntarily in a political campaign without any express promise on the part of the person for whom it was rendered to pay for it, we say to you it raises no legal liability, even though done at the request of the defendant. The principle of law governing this case is very similar to that which governs the work and labor which one person may do for another where they are nearly related by blood. If a daughter works for a father,

where there is no express promise to pay she can recover nothing for her services, because there was no legal liability created thereby. She was presumed to have done it from filial affection. So where work is done as an act of frendship. Any voluntary labor bestowed as an act of friendship does not raise a legal liability. The Court stated the principle so clearly in *Mariner's Administrator vs. Collins, 5 Harrington, 290*, that I will read a portion from that case. "Wherever a person is under a legal liability to pay money or discharge a duty, the law implies a promise to do it. But no promise can be implied from that which is a mere gratuity."

You are to take the three respective elements of this account and say upon the testimony whether any, or what amount is due from the defendant to the plaintiff. You are to determine this by the evidence. In considering that evidence, we may first consider the statute of limitations. If you should believe there was a debt subsisting, and it was more than four years old, yet if there was a promise within three years which took that out of the statute, the plaintiff still would be entitled to recover. The character of that promise is so clearly expressed in *Newlin vs. Duncan, 1 Harrington, 204*, a decision of the Court of Errors and Appeals, that I will read a portion from it: "It is not disputed in this case that a payment of a part of the debt is evidence of a promise to pay the remainder, so as to prevent the operation of the statute as a bar. Indeed it is now well settled, and has been for more than one hundred years past, that an acknowledgment of a subsisting demand, or any recognition of an existing debt, is evidence of a promise to pay." The acknowledgment does not renew the debt, but simply revives the obligation. This is clearly stated in the same case. "From the decision of *Heyling vs. Hastings* (1698), down to the present time (1824), it has always been holden that a new promise revives the old debt, but does not create a new one."

If you believe that an indebtedness existed from Paul Gillis to John Levy and his declaration referring to it was of such character as we have stated, it would revive the right to recover that debt and would keep it alive. You are to determine that question from the evidence.

VERDICT.

Again, in considering this evidence, checks given by Levy to Gillis and notes signed by Levy and given to Gillis and drawn to his order would be *prima facie* evidence of indebtedness from Levy to Gillis. But they are not conclusive and their relation to this case and whether they represent money which Levy owed or which Gillis owed is to be determined from the evidence in the case.

In determining this case upon the evidence, you are to be governed by the preponderance of the testimony. In criminal causes no man can be convicted unless the jury are satisfied beyond a reasonable doubt of his guilt; so tender is the law of the life and personal liberty of every human being; but that is not the rule in civil causes. There the preponderance of evidence controls, and that is the rule which is to govern you in this case.

Again, in considering the testimony, the admissions of parties to a suit where those admissions are adverse to their interest, are entitled to peculiar weight, because of the principle that men are presumed by law not to make admissions against their interest. Therefore they should have in your minds just that weight that this peculiar character gives them.

You are to say now from the evidence you have heard whether Paul Gillis owes John Levy any sum of money, and if so what. If you find that he owes him any sum of money for a just and subsisting debt under the law as we have stated it, he is entitled to interest on that sum from the time it ought to have been paid

Verdict for plaintiff for $116.60.