JAMES MCLAIN *vs.* GEORGE T. FOWLER.

Penobscot.    Opinion December 13, 1898.

*Bangor Mun. Court.    Removal of Case.    Stat. 1895, c. 211, § 4.*

An action was brought against the defendant in the Bangor Municipal Court, the amount claimed in the writ exceeding twenty dollars. On the return day he pleaded in abatement and on the third day the plaintiff demurred and the defendant joined in the demurrer and moved to remove the cause, but this motion of the defendant having been denied the defendant took exceptions. *Held;* That when the motion to remove the case was filed, the court had no further power over it than to grant the motion with appropriate orders; and that the exceptions must be sustained.

The proper construction of Stat. 1895, c. 211, § 4, is to allow defendants in the Bangor Municipal Court to file such pleadings as they wish at the return term of the writ, and then remove the case; or to remove the case without pleading and thereby be debarred of all matters that should have been raised within the first two days of the return term. In other words, all matters in abatement must be pleaded in the lower court or waived.

ON EXCEPTIONS BY DEFENDANT.

Assumpsit for labor on account annexed $22.40 entered in Bangor Municipal Court on the first Monday of June, 1898.

The defendant at the return term asked to have the cause removed to the Supreme Judicial Court for the reason that the amount claimed exceeds twenty dollars. The court denied this motion, and the defendant took exceptions. The parties agreed to the following statement:

" Plaintiff entered his writ on the first day of the term.

" On the same day the defendant filed his plea in abatement.

" On the third day of said term the plaintiff filed his demurrer to said plea, which was joined; and afterwards, on the same day, the defendant filed his motion to remove said action.

" The court sustained the demurrer, adjudged the plea in abatement bad, and denied the motion to remove.

" To which said rulings the defendant excepted and his exceptions were allowed by the court.

"By agreement the case may be entered at the next law term in the Eastern District, and argued and determined according to the practice in said court.

"If the law court sustains the rulings of the court below, the case is to stand for trial upon payment of costs, otherwise the action is to be removed."  .   .   .   .

*Peregrine White*, for plaintiff.

The motion to remove was too late; it had already been waived. The obvious meaning of the 4th section of the laws of 1895 is, that the defendant shall have his election to remove the action, or to file his pleadings and go to trial. But when he files his plea, he makes his election, and in accordance with a well established principle, he is bound by it. He thereby waives his right of removal. He cannot do both. He cannot plead, and then afterwards file his motion to remove. Especially can he not do so where a demurrer to his plea is filed and sustained, and thereby deprive the plaintiff of the advantage of the ruling on his demurrer. A defendant cannot lie by and make one defense and then raise another which belonged to a former stage at common law. Andrew's Stephen on Pleading, p. 420, and note.

*J. D. Rice*, for defendant.

SITTING: PETERS, C. J., EMERY, HASKELL, WISWELL, SAVAGE, FOGLER, JJ.

HASKELL, J. This is an action of assumpsit to recover $22.40, brought in the Bangor Municipal Court which had jurisdiction thereof.

The act of 1895, c. 211, § 4, provides: "If any defendant in any action in said court, where the amount claimed in the writ exceeds twenty dollars, or his agent or attorney, shall, on the return term of the writ, file in said court a motion asking that said cause be removed to the supreme judicial court, and deposit," etc., "the said action shall be removed into the supreme judicial court for said county," etc. The action is there to be entered upon the docket of the preceding term, or upon the docket of the court if

then in session, and stand in order for trial at the next term. The pleadings in the Bangor Municipal Court are to be the same as in the supreme judicial court.

This statute gives the defendant a right of removal at the return term of the writ. But it is contended that the filing of pleadings by defendant is a waiver of such right. We do not think so. The defendant should have a right to file pleadings and then remove the case, so that such issue as he raises may be in order for speedy trial. The plaintiff surely cannot be prejudiced by such course. On the contrary, he is apprised of the issue tendered him, and given time to meet it. Again, pleas in abatement must be filed, if at all, within the first two days of the term, meaning of course, of the return term in the municipal court; and unless the defendant may raise questions of abatement, and then remove the case, he cannot have the benefit of abatement decided by the supreme court at all, for when the case shall be entered there, ordinarily the time for abatement will have elapsed.

We think the proper construction of the act is to allow defendants to file such pleadings as they wish at the return term of the writ, and then remove the case; or to remove the case without pleading and thereby be debarred of all matters that should have been raised within the first two days of the return term. In other words, all matters in abatement must be pleaded in the lower court or waived.

In the case at bar, the defendant, on the first day of the return term, pleaded in abatement, and on the third day the plaintiff demurred and the defendant joined in demurrer and moved to remove the case. This motion should have been granted, but was refused, to which refusal exceptions are brought to us. They must be sustained. When the motion to remove the case was filed the court had no further power over it than to grant the motion with the appropriate orders.

*Exceptions sustained. Motion granted.*