February 18th, 1907.

―――――O―――――

## No. 4110.

### (Court of Appeal, Parish of Orleans.)

### UNION HOMESTEAD ASSOCIATION vs. HENRY L. COOIL.

1.  Where the community of acquets and gains is dissolved by the death of the wife, the respective interests of the surviving husband and of the deceased wife attaches at the moment of its dissolution to the property of the community.

2.  Under the theory of the law a community of acquets and gains has, after the decease of one of its members a fictitious existence for the purpose of liquidation and settlement of community debts. But when there existed no community debts at the date of the dissolution of the matrimonial partnership by the death of one of the spouses, the respective interests of the survivor and the heirs of the deceased attaches to the community property at once and irrevocably and, thereafter, it continues to be the property held in joint ownership by them.

3.  Where community property standing in the name of the head of the community is sold to satisfy a mortgage debt of the community, the community however being dissolved by the death of the wife, and there remains a surplus in the hands of the Sheriff after satisfying in full the mortgage debt, and it is not shown that there exists any other debts of the community and the surviving husband is not the heir of his deceased wife, nor the legal representative of her heir or heirs, or of the succession, the surviving husband may not legally be entitled to demand and receive from the sheriff more than one half of the surplus fund in the hands of the latter.

Appeal from the Civil District Court, Division "D."

Carroll & Carroll, for Plaintiff and Appellee.

Albert Voorhies, for Defendant and Appellee.

Dinkelspiel, Hart & Davey, Attorneys for Civil Sheriff and Appellant.

MOORE, J. Acting under a writ of seizure and sale the Civil Sheriff of the Parish of Orleans sold the mortgaged property for a sum sufficient to pay the claim of the plaintiff in full together with all costs, charges and privileges on the property and still to leave a balance in his hands of $1044.12/100.

The property, although standing in the name of the defendant, belonged to the community lately existing between him and his wife, but which community had been dissolved by the death of the latter.

Notwithstanding this dissolution he contends that forasmuch as Article 704 C. P. provides that after paying the judgment creditor, the sheriff, if there remain a surplus, "shall deliver such surplus to the debtor;" and that as he is the "debtor," he is entitled to demand and receive, on his individual receipt, this entire surplus.

Per contra the Sheriff contends that as the property belonged to the dissolved community, the surviving spouse and the heirs of the deceased wife became *eo instanti* the death of the wife, the owners of the property in indivision and, as a consequence, they are jointly entitled to the surplus arising from the sale; that as the surviving husband does not pretend to be the heir of his deceased wife nor to be the legal representative of her succession, either as executor under a will, administrator by appointment or as the confirmed natural tutor of her minor heirs, if any such there be, the surviving husband is not entitled to receive the whole of this surplus and that to pay same to him would result in his (the Civil Sheriff's) being responsible to the heirs or succession representative of the deceased spouse for their one-half of the fund. On the trial of a rule sued out by the defendant against the sheriff to test this asserted right of the defendant, the District Judge made the rule absolute and ordered the Civil Sheriff to pay the entire surplus to the defendant. From this order the Civil Sheriff appeals.

The contention of the Civil Sheriff is, in our opinion, well founded.

In Tugwell vs. Tugwell, 32 A. 848, it is said that "when the community of acquets and gains is dissolved by the death of

the wife, the respective interests of the surviving husband and of the deceased wife attached at the moment of its dissolution to the property of the community." To the same effect are Glasscock vs. Clark 33 A. 584; Bartloti vs. Huguenard, 39 A. 441; Murphy vs. Jurey & Gillis 39 A. 785; Dickson vs. Dickson, 37 A. 915; and Suc. Dumestre 42 A. 411.

It is true that the theory of the law is that a community of acquets and gains has, after the decease of one of its members, a *fictitious* existence for the purpose of liquidation and settlement of community debts. But as it is neither shown nor pretended in the instant cause, that there exists now or that there existed at the date of the dissolution of the matrimonial partnership by the death of Mrs. Cooil any community debts except the mortgage debt to satisfy which the property was sold, the respective interests of the defendant and the heirs of his deceased wife, attached to the community property at once and irrevocably, and, thereafter, it continued to be the property held in joint ownership by them. Suc. Dumestre 42 A. 411-413. The surplus of the price resulting from the sale stands in lieu of the property and the respective ownerships of the parties attaches thereto. The defendant is entitled only to one half of the fund and the judgment will be amended accordingly.

It is therefore ordered, adjudged and decreed that the Judgment appealed from be and the same is hereby amended by reducing the amount which the Civil Sheriff is condemned to pay over to the defendant, Henry L. Cooil, from one thousand and forty-four 12/100 to five hundred and twenty-two 06/100 dollars and as thus amended the Judgment is affirmed. The cost of appeal to be taxed against the appellee.